UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| CARMEN CRUZ, | : Case No. 05-24971REF |
| Debtor | : |
| | : Chapter 7 |

## MEMORANDUM OPINION

This matter is before me on a Rule to Show Cause why Amauris Almonte ("Mr. Almonte"), doing business as Almonte Consulting Services at various addresses in the Lehigh Valley, Pennsylvania, should not immediately cease and desist from the unauthorized practice of law and should not disgorge all or part of the fee paid to him by Debtor, Carmen Cruz ("Debtor").

Mr. Almonte is a non-attorney bankruptcy petition preparer who charges fees to assist debtors in filing bankruptcy petitions. During the show cause hearing held in this case on March 2, 2006,[1] Mr. Almonte testified that he received a request from Debtor's daughter, whom he had previously assisted in filing a bankruptcy petition, to assist Debtor in filing a bankruptcy petition. Mr. Almonte further testified that he explained the difference between chapter 7 and chapter 13 to Debtor and assisted Debtor with filling out the petition, schedules, and other necessary documents. In exchange for these services, Mr. Almonte received from Debtor a total of $600,

---

[1] My delay of nearly four months in issuing this opinion was occasioned by my hope that Mr. Almonte could negotiate some resolution of this matter (and a number of other similar matters) with the Office of the United States Trustee. At the conclusion of the March 2 hearing, I had directed Mr. Almonte and counsel for the U.S. Trustee to try to reach some mutual consent order, asking counsel for the U.S. Trustee to report back to me with their success or failure. Counsel for the U.S. Trustee recently informed my that he was wholly unsuccessful in obtaining any kind of consent agreement from Mr. Almonte. I therefore return to deciding the matter through this Memorandum Opinion.

1

which included the $209 court filing fee. Debtor paid the $600 to Mr. Almonte in installments, with the first $300 installment having been paid when Debtor first met with Mr. Almonte, and the remaining two $150 installments having thereafter been paid by Debtor to Mr. Almonte on two separate occasions. Despite the fact that Mr. Almonte received $300 from Debtor at their first meeting, Mr. Almonte nonetheless had Debtor file an application to pay her bankruptcy petition filing fee in four installments. A rule to show cause was entered against Debtor for her failure to pay the prescribed filing fee in full after the installment deadline expired and for her failure to amend certain documents as required by the Chapter 7 Trustee. The rule to show cause was eventually discharged after Debtor paid the full filing fee and amended the required documents.

Mr. Almonte also testified that he assisted numerous other debtors with filing bankruptcy petitions in the past, including the thirteen debtors listed on Exhibit No. "1." Mr. Almonte testified that he charged those debtors between $600 and $650 for his services, which charges included the court filing fee.

Mr. Almonte generally explained the services he provided to debtors as follows. Mr. Almonte first goes to the Official Bankruptcy Court website and prints out the required forms. He then asks the debtors questions, translating from Spanish to English, and he then writes the necessary information on the forms based upon the answers he receives from the debtors. He then signs the petition as a non-attorney bankruptcy petition preparer and the debtor signs the bankruptcy papers pro se. In addition, Mr. Almonte testified that he explains the difference between chapter 7 and chapter 13 to the debtors. Mr. Almonte further testified that the court filing fee is included in the fee he charges for his services and that he hand delivers the fee,

petition, and other documents to the Reading Division of this Court for filing in the Clerk's Office. In response to my questioning, Mr. Almonte explained that at times all of the required documents are not filed with the petition because the debtors could not provide answers to all of his questions, and that these debtors would come back to see him with the missing information.

Finally, Mr. Almonte testified that he has not assisted anyone with the filing of a bankruptcy petition since October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). On May 23, 2006, however, during a hearing held on an objection to a proof of claim in an unrelated bankruptcy case docketed to In re Nunez, Case No. 06-20214REF, the debtor in that case, Mr. Jose Nunez ("Mr. Nunez"), testified that Mr. Almonte assisted him in the filing of his chapter 13 petition. Mr. Nunez's Chapter 13 petition was filed on March 6, 2006, and Mr. Nunez testified that, although he did not recall the exact date that he met with Mr. Almonte, he thought that he met with him a couple of weeks before he filed his bankruptcy petition. Mr. Nunez also testified that he could have met with Mr. Almonte earlier than that. In addition, Mr. Nunez testified that he thought he paid Mr. Almonte $400, and that Mr. Almonte explained the different types of bankruptcies to him and made sure the documents were completed and signed correctly. In re Nunez, Notes of Testimony, May 23, 2006 hearing ("N.T.") at 2-4, 6-7. Accordingly, notwithstanding Mr. Almonte's testimony to the contrary, it appears that Mr. Almonte may have assisted at least one debtor with the filing of a bankruptcy petition since BAPCPA became effective.

The issue before me, however, is whether Mr. Almonte engaged in the unauthorized practice of law when he provided assistance to Debtor in filing her bankruptcy petition. While Section 110(a) of the Bankruptcy Code recognizes that non-attorney bankruptcy petition

preparers may prepare "documents for filing" with the Bankruptcy Court, 11 U.S.C. §110(a), it has long been established that a bankruptcy petition preparer may not offer legal advise or engage in the unauthorized practice of law. Patton v. Scholl, No. Civ. A. 98-5729, 1999 WL 431095, at *6 (E.D. Pa. June 28, 1999); see also In re Chojecki, Nos. 99-4850, 99-18145, 2000 WL 679000, at *3-4 (E.D. Pa. May 22, 2000); In re Skobinsky, 167 B.R. 45, 49 (E.D. Pa. 1994); In re Wagner, 241 B.R. 112, 121 (Bankr. E.D. Pa. 1999).[2] In addition, Section 110(g) prohibited a bankruptcy petition preparer from collecting or receiving "any payment from the debtor or on behalf of the debtor for the court fees [incurred] in connection with the filing of the petition," 11 U.S.C. §110(g), yet Mr. Almonte admitted that he routinely collected money from his clients to pay the court filing fees in the past.

Before turning to the specific facts before me, I first note that I must look to the law of Pennsylvania to determine whether any of the services performed by Mr. Almonte constituted the unauthorized practice of law. Skobinsky, 167 B.R. at 49. Pennsylvania courts have not formulated a definitive test for determining what constitutes the unauthorized practice of law. Instead, "courts must examine whether the challenged conduct 'requires the abstract understanding of legal principles and a refined skill for their concrete application.'" Patton, 1999 WL 431095, at *7, quoting Commonwealth v. Allstate Ins. Co., 729 A.2d 135,141 (Pa. Commw.

---

[2] Congress included a new section in BAPCPA that specifically prohibits a non-attorney bankruptcy petition preparer from offering legal advice, see 11 U.S.C. §110(e)(2)(A). In addition, Congress included a new section in BAPCPA that identifies a non-exhaustive list of specific examples of "legal advice" that non-attorney bankruptcy petition preparers are prohibited from offering to potential bankruptcy debtors. See 11 U.S.C. §110(e)(2)(B). Notwithstanding this new legislation, however, courts have long recognized that a non-attorney bankruptcy petition preparer may not offer legal advice, for to do so would be engaging in the unauthorized practice of law. Patton,1999 WL 431095, at *6; see also Chojecki, 2000 WL 679000, at *3-4 ; Skobinsky, 167 B.R. at 49; Wagner, 241 B.R. at 121.

Ct. 1999). In addition, Pennsylvania courts have held that "the unauthorized practice of law includes instructing and advising clients in regard to applicable law and preparing documents requiring familiarity with legal principles beyond the knowledge of laypersons." Skobinsky, 167 B.R. at 49 (citations omitted). I also note that the District Court has found that the following activities constitute the unauthorized practice of law in the bankruptcy context: (1) Determining when to file a bankruptcy case; (2) preparing, filling out or assisting debtors in completing petitions, schedules, and other forms; (3) advising debtors regarding the exemptions they should claim; (4) advising debtors which chapter of the Bankruptcy Code they should elect; (5) describing the different chapters of the Bankruptcy Code to debtors; (6) assisting debtors by categorizing debts or contracts in petitions and schedules; (7) defining bankruptcy terms for debtors; and (8) correcting perceived errors or omissions on debtor's bankruptcy petitions or schedules. Chojecki, 2000 WL 679000, at * 4; Patton, 1999 WL 431095 at *7; Skobinsky, 167 B.R. at 49-50. At the other end of the spectrum, the following activities do not constitute the unauthorized practice of law, and may be performed by a non-attorney bankruptcy petition preparer: (1) Selling blank bankruptcy forms to debtors; and (2) providing typing services to debtors. Chojecki, 2000 WL 679000, at *4; Patton, 1999 WL 431095, at *11.

Having examined the standard that must be applied to determine whether Mr. Almonte engaged in the unauthorized practice of law when he provided services to Debtor, I now turn to an examination of the specific services provided by Mr. Almonte to Debtor to determine whether Mr. Almonte engaged in the unauthorized practice of law. Mr. Almonte testified that he performed at least the following services for Debtor: (1) He explained the difference between chapter 7 and chapter 13 to Debtor; and (2) he prepared, filled out, and assisted Debtor in

5

completing her bankruptcy petition, schedules, and other necessary documents. As noted above, both of these services involve providing legal advice, and I therefore find that Mr. Almonte engaged in the unauthorized practice of law when he performed these services for Debtor. Chojecki, 2000 WL 679000, at * 4; Patton, 1999 WL 431095, at *7; Skobinsky, 167 B.R. at 49-50. In addition, Mr. Almonte violated Section 110(g) of the Bankruptcy Code by receiving and collecting payment from Debtor for the court fees incurred in connection with filing the petition. 11 U.S.C. §110(g).

Once a court finds that a non-attorney has engaged in the unauthorized practice of law, it may order disgorgement of all fees and it may enjoin the unlawful practice. Chojecki, 2000 WL 679000, at *3; Patton, 1999 WL 4341095, at 10; 11 U.S.C. §110(j)(2)(A). An injunction is appropriate when it appears that the illegal conduct will continue without court intervention. Chojecki, 2000 WL 679000, at *3; Patton, 1999 WL 4341095, at 10; 11 U.S.C. §110(j)(2)(A). Here, Mr. Almonte admitted that he performed various services that constitute providing legal advice and the unauthorized practice of law when he assisted those debtors identified on Exhibit "1" with the filing of their bankruptcy petitions. Although Mr. Almonte testified that he has not assisted anyone with the filing of a bankruptcy petition since the effective date of BAPCPA, I heard testimony to the contrary by Mr. Nunez during his claim-objection hearing on May 23, 2006. In re Nunez, Case No. 06-20214REF, N.T. May 23, 2006 hearing at 2-4, 6-7. I hereby find reason to believe that Mr. Almonte may continue to engage in the unauthorized practice of law if I do not intervene to enjoin him from doing so. Accordingly, I shall enter an Order

directing Mr. Almonte to disgorge the entire $600 he received from Debtor[3] and further directing Mr. Almonte to cease and desist from providing legal advice and engaging in the unauthorized practice of law in Pennsylvania.[4]

An appropriate Order will follow.

---

[3]Because I find that Mr. Almonte violated Section 110(g) of the Bankruptcy Code when he received and collected the $209 filing fee from Debtor, I shall require that Mr. Almonte disgorge the entire $600 he collected from Debtor, including the $209 Mr. Almonte utilized to pay the $209 fee incurred to file Debtor's bankruptcy petition.

[4]I will address the other Chapter 13 debtors listed on Exhibit "1", as well as Mr. Nunez's case, In re Nunez, Case No. 06-20214REF, in the future.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                           :
CARMEN CRUZ,                     :   Case No. 05-24971REF
　　Debtor                        :
                                 :   Chapter 7

ORDER

AND NOW, this 27th day of June, 2006, upon my consideration of the Rule to Show Cause why Amauris Almonte, ("Mr. Almonte"), doing business as Almonte Consulting Services, should not immediately cease and desist from the unauthorized practice of law and should not disgorge all or part of the fee paid to him by Debtor, Carmen Cruz ("Debtor"), and after a show cause hearing held on March 2, 2006, and based upon the reasoning and analysis set forth in the accompanying Memorandum Opinion:

IT IS HEREBY ORDERED that Mr. Almonte shall immediately disgorge and return the $600 paid to him by Debtor;

IT IS FURTHER ORDERED that Mr. Almonte shall, on or before July 10, 2006, file with this Court and serve upon Debtor, a notarized Affidavit, in which he certifies that he disgorged and returned the $600 paid to him by Debtor; and

IT IS FURTHER ORDERED that Mr. Almonte shall immediately cease and desist from providing legal advice to his clients in Pennsylvania and Mr. Almonte shall immediately cease and desist from engaging in the unauthorized practice of law in Pennsylvania, including, but not limited to the following activities: (1) Determining whether or when a client should file a bankruptcy petition; (2) advising clients which chapter of the Bankruptcy Code they should elect; (3) describing the different chapters of the Bankruptcy Code to clients; (4) assisting

8

clients in completing bankruptcy petitions and schedules, (5) advising clients regarding the exemptions they should claim; (6) assisting clients by categorizing debts or contracts in petitions and schedules; (7) defining bankruptcy terms for clients; (8) correcting perceived errors or omissions on a client's bankruptcy petition or schedules; (9) advising clients whether their debts will be discharged; (10) advising clients whether they will be able to retain their home, car or other property after filing a bankruptcy petition; (11) advising clients concerning the tax consequences of filing a bankruptcy petition or the dischargeability of tax claims; (12) advising clients whether they may or should promise to repay debts to a creditor or enter into a reaffirmation agreement; (13) advising clients concerning how to characterize the nature of their interest in property or their debts; and (14) advising clients concerning bankruptcy procedures and rights.

BY THE COURT

_____
Richard E. Fehling
United States Bankruptcy Judge